PEOPLE, PLAINTIFF AND APPELLEE, *v.* ROSA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Aggravated Assault and Battery.

No. 1349.—Decided January 21, 1919.

EVIDENCE—CONTRADICTORY EVIDENCE.—The weighing of the evidence by the lower court will not be disturbed on appeal whether the testimony of the witnesses is conflicting or the testimony of one witness is self-contradictory, unless it is shown that the lower court was actuated by passion, prejudice, or similar element.

The facts are stated in the opinion.
*Mr. Celestino Iriarte, Jr.,* for the appellant.
*Mr. S. Mestre, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a case where the appellant maintains that not he, but the prosecuting witness, the policeman, was the ag-

gresor, and there was admittedly a struggle between them. The court found the defendant guilty and on appeal he attempts to distinguish this case from an ordinary one of conflict in the evidence by pointing out that the statement of the prosecuting witness is self-contradictory. Even where the prosecuting witness contradicts himself in some respects, there is still a conflict in the proof which the court is bound to decide. It is not a question of weighing the statements of one witness with those of another, but of extracting the truth from any conflicting evidence. From the testimony of the said prosecuting witness it was somewhat doubtful whether or not the appellant had been wounded by the policeman before the latter was himself wounded. From the whole evidence, however, the court had a right to believe that the appellant, being drunk, the policeman tried to quiet him, perhaps forcefully, and that the appellant made the violent attack, whereupon the policeman in turn attacked. This is only one of other possible theories arising out of the proof, or the conflict thereof, which brings the case within the ordinary rule that we will not reverse unless convinced of passion, prejudice, or similar element on the part of the trial judge.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.